# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARVIN LYNN DICKERSON, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION<br>) |
| v. | ) No. 20-cv-2326-KHV<br>) |
| WELLS FARGO BANK,<br>NATIONAL ASSOCIATION, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Wells Fargo Bank, National Association's Motion For Leave To File Exhibits Under Seal (Doc. #41) filed May 20, 2021.[1]  Additionally, the Court addresses the Order To Show Cause entered May 14, 2021 in light of the Suggestion Of Death (Doc. #37) filed April 27, 2021.  For reasons stated below, the Court overrules defendant's motion and rules that the Estate of Marvin Lynn Dickerson, Sr. shall be substituted as party plaintiff in this action.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007).  This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution.  See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980).  The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest.  Crystal Grower's, 616 F.2d at 461–62.  In determining whether documents should be sealed, the Court weighs the public interest,

---

[1] While the motion title mentions only defendant, the parties jointly filed it.

which it presumes is paramount, against the interests advanced by the parties. Id.; Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The Court "must consider the presumption of openness in deciding whether to seal a judicial record." United States v. Bacon, 950 F.3d 1286, 1295 (10th Cir. 2020). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. See Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting Mann v. Boatright, 477 F.3d at 1149). To do so, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements"). The Court must rely on specific, rather than general, information when deciding to seal. See Bacon, 950 F.3d at 1294.

The parties ask to file under seal their Agreed Motion For Approval Of Settlement (Doc. #38) with the settlement agreement as a confidential exhibit. A motion for leave to file under seal must attach as a sealed exhibit the document the party requests to file under seal. D. Kan. Rule 5.4.6(a). In filing this joint motion, neither party attached the settlement agreement. The parties ask for leave to file the terms of the settlement agreement under seal but do not explain how their interest in non-disclosure outweighs the public interest in open courts. See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access). In particular, without explaining how or why public filing would cause such results, the parties argue that filing the agreement publicly would cause irreparable harm and would have a chilling effect on resolving future cases involving wrongful deaths. The Court therefore overrules defendants'

motion to seal.

The Court ordered the parties to show good cause in writing why the Estate of Marvin Lynn Dickerson, Sr. should not be substituted as party plaintiff in this action, in light of the death of plaintiff Marvin Lynn Dickerson. Neither party responded to the show cause order by the deadline of May 20, 2021. The Court therefore rules that the Estate of Marvin Lynn Dickerson, Sr. should be substituted as party plaintiff.

**IT IS THEREFORE ORDERED** that <u>Defendant Wells Fargo Bank, National Association's Motion For Leave To File Exhibits Under Seal</u> (Doc. #41) filed May 20, 2021 is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Estate of Marvin Lynn Dickerson, Sr. shall be substituted as party plaintiff in this action.

Dated this 23rd day of June, 2021 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge